UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANNE ALVELO, individually and on behalf of all others similarly situated,

Plaintiff,

– against –

COMPREHENSIVE HEALTH MANAGEMENT, INC.

Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**Case No. _______**

Plaintiff Dianne Alvelo, individually and on behalf of all others similarly situated, by her attorneys, Sapir Schragin LLP, respectfully alleges as follows:

**PRELIMINARY STATEMENT AS TO NATURE OF ACTION**

1. This case is about Defendant willfully misclassifying their Operations Account Representatives as exempt employees, thereby avoiding the obligation and failing to pay such employees any overtime compensation for hours worked over forty in each work week. Ms. Alvelo is one such employee.

2. Accordingly, Ms. Alvelo, on behalf of herself and other similarly situated current and former employees of Comprehensive Health Management, Inc. ("CHMI") in the position of Operations Account Representative, brings this: (1) Collective Action against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for failure to pay overtime compensation; and (2) Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages under the New York State Labor Law ("NYSLL"), Article 19, §§ 650

*et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 142.

3. Defendant willfully engaged in a pattern, policy and practice of unlawful conduct as described below, in violation of the federal and state rights of the Ms. Alvelo, and all similarly situated current and former Operations Account Representatives of Defendant.

4. This action seeks to recover unpaid overtime wages owed to Ms. Alvelo and all current and former employees of Defendant who work, or worked, for Defendant at its worksites or home offices who performed duties similar to those Ms. Alvelo performed. For at least six years prior to the filing of this Complaint, Defendant continuously and willfully violated the NYSLL, and for at least three years prior to the filing of this Complaint, Defendant continuously and willfully violated the FLSA, in both cases by: (1) misclassifying Operations Account Representative as exempt employees; (2) expecting employees in the non-exempt Operations Account Representative positions to frequently work beyond their normal work hours and work days, and during their lunch breaks, without additional and legally required overtime pay; and, (3) failing to pay such employees for time worked in excess of 40 hours in a week at a rate of one and one half times their regular rate of pay.

5. Ms. Alvelo and all similarly situated current and past employees who participate in this action seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Article 19 of the NYSLL.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims are brought pursuant to a federal statute, FLSA 29 U.S.C. § 216(b).

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367(a) because the New York state law claims are so closely related to Ms. Alvelo's federal claims as to form the same case or controversy.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts business in this District and is subject to personal jurisdiction within the State of New York and this District. Additionally, Ms. Alvelo resides in Bronx, New York, and, at all relevant times, Ms. Alvelo worked for Defendant in the Bronx New York within this District. Further, the acts and omissions giving rise to the claims alleged took place in this District.

## **THE PARTIES**

10. Ms. Alvelo resides in Bronx, New York. She was employed by Defendant from in or about November 2014 through February 20, 2018 as an Operations Account Representative.

11. At all relevant times, Ms. Alvelo was an employee of Defendant within the meaning of the FLSA and NYSLL.

12. Ms. Alvelo consents to be a party to this lawsuit pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations alleged here as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

13. Upon information and belief, Defendant CHMI is a foreign domestic business corporation licensed to do business in New York. CHMI is headquartered in Tampa, Florida. CHMI is a wholly owned indirect subsidiary of WellCare Health Plans, Inc., a publicly traded company based in Tampa, Florida, and is an affiliate of WellCare of New York, Inc. and WellCare

Health Insurance of New York, Inc. (collectively, WellCare New York). WellCare of New York, Inc. and WellCare Health Insurance of New York, Inc. are indirect wholly owned subsidiaries of WellCare Health Plans. WellCare New York provides government-sponsored managed care services, primarily through Medicaid, Medicare Advantage and Medicare Prescription Drug Plans, to families, children, seniors and individuals with complex medical needs.

14. Upon information and belief, CHMI supervises and manages the day-to-day operations of WellCare of New York and the other health plan subsidiaries of WellCare Health Plans throughout the country. CHMI provides accounting and financial services; data processing; customer services; provider network credentialing services; coordination of communications to members and providers; provider network contracting and management; product marketing services; and services that are customarily associated with the provision of the foregoing and the operation of a health plan. It also manages information and computer systems, which includes maintenance and upgrade; and engages in the design and administration of benefits, as well as adjudication and processing of claims. It also employees all employees who perform services on behalf of WellCare of New York and the other health plan subsidiaries of WellCare Health Plans.

15. At all relevant times, Defendant was an employer within the meaning of the FLSA and the NYSLL.

16. At all relevant times, Defendant operated and engaged in interstate commerce, within the meaning of the FLSA as it is involved in the management, sale and servicing of health insurance plans throughout the country.

17. Upon information and belief, at all relevant times, Defendant’s gross annual sales have been in excess of $500,000.00.

18. At all relevant times, Ms. Alvelo was engaged in commerce subject to individual coverage under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19. Ms. Alvelo brings an FLSA claim for unpaid overtime on behalf of herself and all similarly situated persons who work or have worked for Defendant as Operations Account Representatives and who elect to opt in to this action (the "FLSA Collective").

20. Ms. Alvelo and the FLSA Collective are current and former employees of the Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date of the filing of this Complaint. *See* 29 U.S.C. § 255(a).

21. Defendant is liable under the FLSA for misclassifying Ms. Alvelo as an exempt employee and failing to properly compensate her for her overtime hours. There are also many similarly situated current and former employees of Defendant who have been misclassified as exempt, and underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

22. Ms. Alvelo also brings a NYSLL claim on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Defendant as Operations Account Representatives in New York between the six years prior to the filing of this lawsuit and the date of final judgment in this action" (the "Rule 23 class").

23. At all relevant times, Ms. Alvelo and members of the proposed Rule 23 Class were employees within the meaning of the NYSLL.

24. The persons in the Rule 23 class described above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Ms. Alvelo, the facts on which the calculation of that number can be based are within Defendant's sole control.

25. Defendant has acted on grounds generally applicable to the Rule 23 class, thereby making final injunctive or declaratory relief appropriate with respect to the class as a whole.

26. There are questions of law and fact common to the Rule 23 class that predominate over any questions solely affecting individual members of the class, including but not limited to: (a) whether Defendant has failed or refused to pay Ms. Alvelo and the Rule 23 class members overtime pay for hours worked in excess of 40 hours per work week in violation of the NYSLL; (b) whether Defendant kept true and accurate time records for all hours worked by Ms. Alvelo and the Rule 23 class; (c); the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; (d) whether Defendant's policy and practice of failing to pay Ms. Alvelo and the Rule 23 Class members their overtime wages was willful or carried out with reckless disregard of the law; and (e) whether Defendant has a policy or practice of misclassifying Operations Account Representatives as exempt from the overtime provisions of the NYSLL.

27. Ms. Alvelo's claims are typical of the claims of the Rule 23 Class members she seeks to represent. Ms. Alvelo and the Rule 23 Class members work or have worked for Defendant as Operations Account Representatives and have not been paid a proper overtime premium for the hours that they worked in excess of 40 hours per workweek. Defendant improperly classified Ms. Alvelo and the Rule 23 Class members as exempt employees, and have acted or have refused to

act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate with respect to the Rule 23 Class. The same wage and hour policies, procedures and practices of Defendant are applicable to all Operations Account Representatives who worked for them regardless of location and/or the time period in which they worked.

28. Ms. Alvelo will fairly and adequately represent and protect the interests of the Rule 23 Class.

29. Ms. Alvelo has retained counsel that is competent and experienced in class actions and in labor and employment litigation, including wage and hour matters.

30. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like this, where individual Ms. Alvelo may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendants' unlawful and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**COLLECTIVE AND CLASS FACTUAL ALLEGATIONS**

31. Consistent with Defendant's policies and practices, Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class frequently worked in excess of 40 hours per workweek without being paid overtime wages.

32. Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class performed work that was assigned by Defendant who was fully aware of the nature and

extent of the work assigned to and performed by Ms. Alvelo and the members of the proposed FLSA Collective and Rule 23 Class. All time worked by Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class was known and permitted by Defendants.

33. As part of their regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice or policy of violating the FLSA and the NYSLL as to Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class. This policy or practice included but is not limited to: (a) willfully misclassifying the Operations Account Representatives, including Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class, as exempt from the overtime requirements of the FLSA and the NYSLL; (b) willfully failing to pay its Operations Account Representatives, including Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class, overtime wages for hours worked in excess of 40 hours each workweek; and (c) willfully failing to record all the time that its employees, including Ms. Alvelo and the members of the proposed FLSA Collective and the Rule 23 Class, worked for its benefit.

34. Defendant's unlawful conduct as described in this Complaint was carried out pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Operations Account Representatives as exempt from the overtime requirements of the FLSA and the NYSLL, and violating the FLSA and the NYSLL by failing to pay Operations Account Representatives overtime premiums for time they worked in excess of 40 hours per workweek.

35. Defendant is aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

36. All of Defendant's Operations Account Representatives, perform the same fundamental and primary duties, all of which relate to servicing the insurance needs of customers. These positions are not exempt from the overtime provisions of the FLSA and NYSLL and their duties: (a) do not entail the exercise of discretion and independent judgment; (b) are not directly related to Defendant's management policies or general operations; (c) do not consist of the management of Defendant's enterprises – or a customarily recognized department or subdivision; (d) do not include the supervision of at least 2 other full-time employees; and, (e) do not include hiring or firing authority, or any other authority with regard to the status of other employees.

37. Defendant's unlawful conduct has been repeated and was consistent as to all its Operation Account Representatives.

**MS. ALVELO'S FACTUAL ALLEGATIONS**

38. Ms. Alvelo was employed by Defendants from June 2010 until February 20, 2018. She held numerous positions with the Company. From November 2014 until February 20, 2018 she was employed as an Operations Account Representative. Ms. Alvelo worked from her home office in the Bronx. Ms. Alvelo earned approximately $74,000 a year.

39. Ms. Alvelo functioned primarily as a claims adjuster and primarily serviced health care providers who were Defendant's customers. Ms. Alvelo would assist the health care providers in researching insurance claims that were denied and/or questions. Ms. Alvelo was a non-exempt employee under the FLSA and NYSLL.

40. Ms. Alvelo had no independent discretion. Ms. Alvelo could on occasion recommend payment of small claims less than $500, but this work and these recommendations were of a routine, repetitive and mechanical nature and were made within guidelines established by Defendant and/or WellCare New York. For larger claims, Ms. Alvelo's recommendations were

reviewed by management who could accept or reject her recommendations and routinely rejected them. Ms. Alvelo's recommendations were mechanical and routine and were all made within guidelines established by Defendant and/or WellCare New York.

41. Ms. Alvelo used her knowledge and experience in carrying out her duties for Defendant. She did not, however, exercise discretion or independent judgment in performing those duties. At all times, she followed company procedures and established protocols for servicing the insurance needs of clients.

42. Ms. Alvelo had no management role, she did not supervise any employees, and she had no hiring or firing authority.

43. Ms. Alvelo regularly worked more than 40 hours per workweek. Ms. Alvelo was not paid any over-time at time and half for all work in excess of forty hours per week. Defendant did not keep time records of her work hours.

44. Prior to May 2017, Ms. Alvelo did not work any set hours. She could work any time she wanted as long as the work got done which required her to work more than 40 hours in any given workweek. All her work and the time she worked was recorded on Defendant's computer systems so Defendant was aware, or could have become aware, of the hours she was working beyond 40 in any given workweek.

45. Effective May 2017, Ms. Alvelo was required to work a set schedule of between 8:00 a.m. and 5:00 p.m. Her working time continued to be recorded on Defendant's computer systems. She did not take a lunch break and regularly was required to work beyond 5:00 p.m. which was known to Defendant.

46. As a result of working through her lunch hour and routinely working after 5:00 p.m., Ms. Alvelo often worked between 3 and 4 hours of overtime on a weekly basis, or from 10 to 15 hours of overtime monthly for which Defendant failed to pay her.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages Under the FLSA**
**On Behalf of Ms. Alvelo and Similarly Situated Current and Former Employees**

47. Ms. Alvelo realleges and incorporates by reference all allegations in the preceding paragraphs.

48. Ms. Alvelo consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

49. Defendant failed to pay Ms. Alvelo and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

50. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

51. Because Defendant's violations of the FLSA, including improperly classifying Ms. Alvelo as an exempt employee, and failing to pay overtime compensation for hours worked in excess of 40 in a workweek, were willful, a three-year statute applies to each violation, pursuant to 29 U.S.C. § 255.

52. Defendant's violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

53. As a result of Defendant's willful violations of the FLSA, Ms. Alvelo and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201(b).

54. As a result of Defendant's unlawful acts, Ms. Alvelo and all other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages Under the NYSLL**
**On Behalf of Ms. Alvelo and Similarly Situated Current and Former Employees**

55. Ms. Alvelo realleges and incorporates by reference all allegations in the preceding paragraphs.

56. Defendant failed to pay Ms. Alvelo and the Rule 23 Class the overtime wages to which they are entitled under the NYSLL.

57. By Defendant's failure to pay Ms. Alvelo and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYSLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

58. Defendant's conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis.

59. Due to Defendant's violations of the NYSLL, Ms. Alvelo and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees, costs, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Violation of the Wage Statement Provisions of the NYSLL**

60. Ms. Alvelo realleges and incorporates by reference all allegations in the preceding paragraphs.

61. Defendant did not provide Ms. Alvelo or the Rule 23 Class with an accurate statement of wages with each payment of wages as required by NYSLL § 195(3).

62. Defendant is liable to Ms. Alvelo and the Rule 23 Class in the amount of $2,500 each, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Alvelo, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Ms. Alvelo should be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Operations Account Representatives. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Designation of Ms. Alvelo as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

C. At the earliest possible time, Ms. Alvelo should be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Operations Account Representatives in New York State;

D. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and Article 19 of the NYSLL and the supporting New York State Department of Labor regulations;

E. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Section 195(3) of the NYSLL;

F. Unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.*, and the supporting United States Department of Labor regulations;

G. Unpaid overtime wages and an additional equal amount as liquidated damages pursuant to NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H. Pre-judgment and post-judgment interest, as applicable;

I. Attorneys' fees and costs; and

J. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Alvelo and the FLSA collective and NYSLL class members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: White Plains, New York
July 3, 2018

**SAPIR SCHRAGIN LLP**

By: Howard Schragin

Donald Sapir, Esq.
Howard Schragin, Esq.
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
(914) 682-9128 (fax)
E-Mail: dsapir@sapirschragin.com
hschragin@sapirschragin.com
*Attorneys for Plaintiff and the Putative Collective and Class*